[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Cheryl A. Azzara, was the grandniece and goddaughter of the defendant's decedent, Mary Nardielio Geary. Mary Geary died on December 25, 1995 at the age of 79. The plaintiff brings this action seeking compensation for services she rendered to Mary Geary from July, 1972 until the decedent's death. The plaintiff never resided with the decedent and rendered services with, respect to the decedent's personal care, care of her home, as well as personal and financial matters.
The plaintiffs claim is set forth in three counts of her CT Page 4827 complaint. The first alleges an oral agreement between the parties whereby the plaintiff claims to have rendered the services based upon the decedent's promise to leave her entire estate to her upon the decedent's death. In the second count the plaintiff alleges that the decedent was unjustly enriched by the services provided by the plaintiff. The third count alleges that the plaintiff should receive the reasonable value of the services rendered since they were rendered with the expectation of payment.
For the reasons hereinafter set forth the court finds the issues in favor of the defendant on the first and second counts and in favor of the plaintiff on the third count. Accordingly judgment shall enter in the amount of $117,850.00.
The court finds the facts as hereafter set forth. In 1972 the decedent was married and lived with her husband in Waterbury, Connecticut. The couple was childless and the decedent's husband died in 1979. Although childless the decedent had a large extended family including siblings, nieces, nephews, grandnieces and grandnephews a number of whom testified at trial. As previously indicated the plaintiff never resided with the decedent.
The decedent was a very complex woman. She was meticulous in many ways but not with respect to her person or her home. She could be very vulgar at times and frequently used foul language.
If she perceived that a family member offended her or did not show enough interest in her well-being she would make derogatory statements amount them. She frequently said that she would leave her estate to charity. She claimed that she had a will but there was no evidence to indicate that she ever had one prepared and thus she died intestate. She lied to family members and attempted to pit one against the other. Notwithstanding these failings she could be a loving and caring person. There were at least two instances where she loaned money to the plaintiff which the plaintiff repaid.
In the early 1980's the decedent developed hepatitis. In 1987 she was struck by a car and required knee surgery. There were hospitalizations as well as periods of confinement in nursing care facilities; In 1995 her health deteriorated and she died in the hospital.
The plaintiff claims that in July of 1972, when she was sixteen CT Page 4828 years of aged she was visiting the decedent at her home when she entered into an agreement which is the basis of her first count. She claims that the decedent told her that if she would provide certain services she would receive the decedent's entire estate. She agreed but never told anyone of the agreement until shortly before her marriage at which time she told her fiance. The plaintiff married in 1992, some twenty years after the alleged agreement. During this time she lived with her parents and frequently saw other members of her family but never told anyone of the agreement she had with the decedent. The court finds that the plaintiff has failed to sustain her burden of proof with respect to the first and second count. The plaintiff testified that she performed numerous services for the decedent which were done with the expectation of remuneration. There was ample evidence to support the plaintiffs claim that she performed many services for the decedent. Whenever the decedent required or demanded services the plaintiff willingly performed regardless of the inconvenience to her and her family. Other members of the decedent's family also performed services but nowhere near to the extent the plaintiff did. It should be noted that the decedent gave the plaintiff a power of attorney in 1991/1992, a key to her home and designated the plaintiff on the hospital and nursing home records as the responsible party for admission purposes.
The plaintiff claims that she performed 11,750 hours of service for the decedent for which she should receive compensation. The plaintiff further claims that the value of the services amounted to $260,785.00. The court agrees that the amount of hours expended over a 23 year period are reasonable but disagrees on the value of the services. Based upon the testimony as to the nature of the services the court finds that the reasonable value of the services is $117,500.00. Based upon the testimony of the parties and their witnesses the court finds that the defendant had a reasonable basis for his position and denies the plaintiffs claim for interest pursuant to Section 37-3a of the Connecticut General Statutes.
John R. Caruso, J. CT Page 4829